**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHNNY DAVIS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-1350-L** |
| | § | |
| **BAYLOR REGIONAL MEDICAL** | § | |
| **CENTER AT GRAPEVINE;** | § | |
| **ROY THOMAS; and TAMMY** | § | |
| **LUTTRULL**, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendants' Motion to Dismiss, filed June 7, 2012.  After careful consideration of the motion, brief, response, record, and applicable law, the court **grants in part** and **denies in part** Defendants' Motion to Dismiss.

## I.     Background

Johnny Davis ("Plaintiff" or "Davis") filed this action on June 20, 2011, against Baylor Regional Medical Center at Grapevine ("Baylor"), Roy Thomas ("Thomas"), and Tammy Luttrull ("Luttrull") collectively, "Defendants."   In Plaintiff's Original Complaint, he alleged claims under Title VII of the Civil Rights Act, as amended, contending the Defendants discriminated against him because of his race, color, religion, sex, and national origin.  He also asserted state law claims for breach of employment contract, negligent hiring, intentional infliction of emotional distress, and tortious interference with a contract.  In Plaintiff's First Amended Complaint, Davis filed, in addition to the above-referenced claims, claims of

discrimination based on his race, color, sex, religion, and national origin pursuant to section 21.051 of the Texas Labor Code.

The court first considers whether the motion to dismiss is moot because Davis has filed an amended complaint.  As observed in one leading treatise:

> Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.  If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading. . . . To hold otherwise would be to exalt form over substance.

Charles Alan Wright, Arther R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2010) (footnote omitted).  Moreover, Defendants consider their motion pending, as they filed Defendants' First Amended Original Answer to Plaintiff's First Amended Complaint and made it subject to the pending motion to dismiss.  Accordingly, the court considers the motion to dismiss in light of the allegations in the First Amended Complaint ("Complaint").

On October 20, 2011, after more than 120 days had passed since the filing of this action and no defendant had been served, the court ordered Plaintiff to effect service on Defendants by November 18, 2011.  No service was effected by this date, and no extension of time was requested by Plaintiff to effect service.  As a result, the court dismissed the action without prejudice.  On January 19, 2012, Plaintiff filed a motion to reopen or reinstate his case.  He alleged that technical problems delayed receipt by his counsel of the court's earlier order directing him to effect service by a specific date and that his counsel had an erroneous belief about how the online court system worked regarding service of process.  Plaintiff's counsel further stated that he did not see the court's order regarding service until sometime in December 2011.  According to Plaintiff's counsel this was because the e-mail was directed to his "spam" folder, or the e-mail was inadvertently moved to the "spam" folder during cleanup of counsel's

inbox.  After being directed by the court on March 27, 2012, to provide additional information, Plaintiff submitted a supplemental reply in which his counsel reiterated certain technical problems and stated that there was no supporting documentation to determine when Plaintiff's counsel opened the e-mail regarding the court's order issued in October 2011.  The court had ordered Plaintiff to produce this information by April 6; however, Plaintiff did not respond until April 17, 2012.

The court granted Plaintiff's Motion to Re-open and/or Reinstate Case on May 1, 2012, and directed the clerk of the court to reopen the action.  The court further instructed Plaintiff's counsel to take whatever steps necessary to ensure that he received correspondence from the court in a timely and efficient manner and directed Plaintiff to effect service on Defendants by May 30, 2012, or that the action would be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, unless good cause existed for the failure to effect service.  As a final admonition that was directed to Plaintiff's counsel, the court stated, "The court does not consider negligence, inadvertence, inattention, carelessness, or technical problems to constitute good cause."  Plaintiff effected service on Luttrull and Thomas on May 17, 2012, and effected service on Baylor on May 23, 2012, which were all within the deadline ordered by the court.

Defendants request the court to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure for insufficient service of process and failure to state a claim upon which relief can be granted.  Plaintiff counters that he effected service within the time ordered by the court, that Defendants' motion is an impermissible collateral attack on the court's order of May 1, 2012, and that Defendants have not been prejudiced as a result of when they were served. With respect to Defendant's motion to dismiss for failure to state a claim, Plaintiff states that

Defendants should not be permitted to dismiss for failure to state a claim prior to the deadline for amendment of pleadings and prior to the opportunity to conduct discovery.

## II.    Standards

### A.    Rule 4(m) – Failure to Serve

The relevant rule for as to when a defendant is to be served provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  In the context of this rule, when a court is presented with a motion to extend time to effect service, it first must decide whether good cause is present.  If good cause exists, "the court *must* extend time for service.  If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original) (citation omitted).

### B.    Rule 12(b)(5) – Insufficiency of Service of Process

A motion under Rule 12(b)(5) is the proper way to challenge the "mode of delivery or the lack of delivery of the summons and complaint."  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004) (footnote omitted).  A motion under this rule is also "the proper challenge when the wrong party is served with an otherwise proper [s]ummons and [c]omplaint."  *Colony Ins. Co. v. Ropers of Hattiesburg, LLC*, Civ. Action No. 2:11cv3KS-MTP, 2011 WL 1226095, at *2 (S.D. Miss. Mar. 29, 2011).

The vehicle to object to an untimely serve of process is Rule 4(m), which provides for the sanction of dismissal without prejudice if service is not made within a specified time.  Although Defendants move under Rule 12(b)(5), their request is more appropriately addressed under Rule

**Memorandum Opinion and Order - Page 4**

4(m), as they complain about the delay and failure to serve them within the time prescribed in Rule 4(m).  Accordingly, the court will address Defendants' motion in the context of Rule 4(m) jurisprudence.

### C.      Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State*

*Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other*

*grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has

no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim

that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

## III.    Discussion

### A.    Rule 4(m)

Defendants contend that this action should be dismissed with prejudice because there is a

clear record of delay by Plaintiff and because there is actual prejudice to the Defendants.  For the

reasons that follow, the court disagrees.

This Circuit's standard for dismissal with prejudice in the context of Defendants' motion

is well-established.  "A dismissal with prejudice is appropriate only if the failure to comply with

the court order was the result of purposeful delay or contumaciousness and the record reflects

that the district court employed lesser sanctions before dismissing the action."  *Long v. Simmons*,

77 F.3d 878, 880 (5th Cir. 1996) (citation omitted).  Precedent in this Circuit holds that:

> [D]elay which warrants dismissal with prejudice must be longer than just a few
> months; instead, the delay must be characterized by significant periods of total
> inactivity.  Our precedents have generally reserved dismissals with prejudice for
> egregious and sometimes outrageous delays.  In short, these are cases where the
> plaintiff's conduct has threatened the integrity of the judicial process, often to the
> prejudice of the defense, leaving the court no choice but to deny that plaintiff its
> benefits.

*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008) (internal quotation marks

and citations omitted).  In affirming a dismissal with prejudice, this Circuit usually finds at least

one of the following aggravating factors: "(1) delay caused by [the] plaintiff himself and not his

attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id.* at

326 (internal quotation marks and citation omitted).

Defendants cite several cases to support their argument that the "Fifth Circuit has routinely dismissed and upheld dismissals *with prejudice* for failure to serve in a timely manner." Defs.' Mot. to Dismiss 4 (citing *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688 (5th Cir. 2008); *Porter v. Beaumont Enter. & Journal*, 743 F.2d 269 (5th Cir. 1984); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (5th Cir. 2006); and *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996)). While the court does not dispute the holdings of these cases, each is factually different from this case, and application of these holdings is not warranted here.

In *Gartin*, the court found that there was a delay of seven months in serving one of the defendants and that the seven-month delay could only be "characterized as total inactivity." 289 F. App'x at 694 (citation omitted).  In *Porter*, the plaintiff filed suit on March 22, 1982, and sought service on defendants through the United States Marshal, which was never effected because the plaintiff's attorney did not pay the service fee deposit, and the Marshal returned the process as unexecuted on June 30, 1982.  After the unexecuted return of service, the plaintiff's attorney took no action until February 22, 1983.  The court allowed the action to continue upon the attorney's promise that he would serve the defendants, and the attorney, five weeks later, requested and received appointment of a process server.  *Porter*, 743 F.2d at 272.  The court found that there was a clear record of delay and that the district court had imposed a lesser sanction before dismissing the case with prejudice.  *Id.*  With respect to the *Sealed Appellant* case, the court emphasized that the plaintiff had missed the 120-day deadline by "almost 600 days." 452 F.3d at 419.  With respect to *Thompson*, the Fifth Circuit upheld a dismissal without prejudice by the district court for the plaintiff's failure to effect service within 120 days.  91 F.3d at 21.  Thompson's argument was that the district court should have exercised its discretion under Rule 4(m) to allow an extension of time for him to serve the defendant.  *Id.*  The appellate

court held that the district court was under no duty to exercise its discretion and extend the time to serve after the Plaintiff admitted no good cause existed to extend time and failed to request the district court for an extension of time to effect service.  *Id.* at 21-22.

Defendants remind the court that it stated the following in its order of May 1, 2012: "The court does consider negligence, inadvertence, inattention, carelessness, or technical problems to institute good cause."  Because of Plaintiff's counsel's previous problems, the court issued this statement as a stern admonition to him to let him know that the "jig was up," and the court would not countenance any further delays absent good cause.  In any event, even if good cause is not present, dismissal of this case is not warranted, and the court, by granting Plaintiff's motion to Re-open and/or Reinstate Case, exercised its discretion to extend the time for Davis to effect service on Defendants.

The type or length of delay that was experienced in the first three cases cited by Defendants is not present here.  As to the *Thompson* case, it is irrelevant, as Plaintiff in this case has requested the court to exercise its discretion and allow service after the 120-day deadline. There is no question that Defendants were not served within 120 days and the court initially dismissed the action without prejudice and that Plaintiff, through his counsel did not move to reopen or reinstate the action until January 19, 2012, two months after it was dismissed, which was several weeks after Plaintiff's counsel saw the court's order of November 18, 2011, dismissing the action without prejudice.  Further, Plaintiff's counsel was eleven days late in responding to the court's order of March 27, 2012, that directed Plaintiff's counsel to provide certain information.  The court exercised its discretion and allowed Plaintiff's case to be reinstated because Plaintiff's counsel served Defendants within the time ordered by the court, the failure to serve Defendant's within the 120-day period was through no fault of Plaintiff, and the

court was aware of a statute of limitations problem in light of the time the right-to-sue letter was mailed by the Equal Employment Opportunity Commission ("EEOC") to Plaintiff.

First, in this case, two defendants were served within 16 days of the court's order, and the other defendant was served within twenty-two days of the court's order.  The court does not find the delays to be "more than a few months" and does not believe that it should necessarily compute delays from the time that the action was filed as Defendants seem to urge the court to do.  While Plaintiff's counsel's conduct is not cause for approbation, it does not fall into the outrageous or egregious category.  Nothing in the record intimates that any delay was caused by intentional conduct, although strong arguments can be made that negligence and carelessness are present.

Second, it is without question that the delay in this action was caused by Plaintiff's counsel rather than Plaintiff himself.  Nothing in the record even obliquely suggests otherwise.  Plaintiff's counsel places the blame on himself, which he should.  There certainly have been a couple of delays in this case, but the court cannot characterize them as a *series* of inexcusable delays.  Dismissal is too draconian a sanction, in this instance, for Plaintiff who played absolutely no role in causing the delay of service on Defendants.

Third, as Davis attached a copy of his right-to-sue letter from the EEOC to Plaintiff's Original Complaint, at the time the court granted Plaintiff's Motion to Reopen and/or Reinstate Case, it was fully aware of a limitations issue.  Once a person receives a notice of his right to sue from the EEOC, he must file a lawsuit within ninety days of receipt of the right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1).  This ninety-day limitation period is "akin to a statute of limitations." *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985).  Further, the "requirement to file a lawsuit within the ninety-day limitation period is strictly construed."

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citations omitted).   In this case, Davis filed this lawsuit on June 20, 2011, the *ninetieth day* after the right-to-sue letter was mailed to him.   Thus, the court had serious concerns that, if the case were not reinstated and its order of November 18, 2011, remained in effect, a refiled action would be barred by this ninety-day limitation period.

As a final matter regarding reinstatement of this action, the court addresses the issue of prejudice to Defendants.   Defendants argue that they have been "actually prejudiced" by the delays in service.   Defs.' Mot. to Dismiss 5.   The court disagrees.

Defendants argue that they have been "actually prejudiced," but the record does not support such prejudice.   They take passages or quotes from cases from this Circuit and conclusorily assert that actual prejudice has occurred to them.   Nothing before the court even remotely suggests that records or documents have been destroyed or that witnesses are no longer available to testify regarding the reason for Plaintiff's termination in October 2009.   Moreover, although Davis was discharged in 2009, the EEOC did not issue him a right-to-sue letter until March 2011.   An employer files a response to a charge of discrimination with the EEOC, is aware of the allegations made by the employee, and knows that a lawsuit is a real possibility. The court finds it unfathomable that an entity as sophisticated as is Baylor would not have human resource documents and records pertaining to Davis's employment and his discharge, especially in light of current technology that maintains and stores most records and documents electronically.   Although delay is present, other than speculation and conjecture, nothing exists from which the court can find or permissibly infer that Defendants have suffered "actual prejudice" because of the delay.   In sum, the record is devoid of any evidence that Defendants

have lost a defense because of the delay or otherwise will be unable to defend adequately against the claims made in this lawsuit.

### B.        Failure to State a Claim

Defendants seek dismissal of the Title VII claims against Thomas and Luttrull in their individual capacity.   According to Defendants, Plaintiff does not allege sufficient facts to establish that Thomas and Luttrull are employers within the meaning of Title VII.   The court agrees.

Under Title VII, liability may not be imposed against individuals unless they meet the statutory definition of "employer." *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). The court cannot ascertain from the pleadings whether Thomas or Luttrull meets the statutory definition of "employer."   The two defendants are supervisors, and they do not appear to fall within the statutory definition of "employer;" however, the court will allow Plaintiff an opportunity to amend to see whether he can state allegations with sufficient specificity that would cause Thomas and Luttrull to fall within the statutory definition of "employer."

## IV.    Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Defendants' Motion to Dismiss.   The court **denies** Defendants' Motion to Dismiss with respect to Rule 4(m) and Rule 12(b)(5), and **grants** Defendants' Motion to Dismiss with respect to Rule 12(b)(6). The court, rather than dismiss the Title VII claims against Thomas and Luttrull, **allows** Plaintiff to file an amended pleading to state facts, in accordance with the standard herein set forth, from which the court could reasonably infer that Thomas and Luttrull fall within the statutory definition of "employer."   The amended pleading shall be filed by **March 22, 2013.**  If Plaintiff

fails to file the amended pleading as herein ordered, Defendants Thomas and Luttrull are entitled to have all Title VII claims dismissed against them.

**It is so ordered** this 8th day of March, 2013.

Sam A. Lindsay
United States District Judge